UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN McCRIGHT, B08892,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden,<br><br>Respondent. | Case No. 21-cv-08802-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 4) |

Petitioner, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the September 16, 2020 decision of the Board of Parole Hearings (BPH) finding him unsuitable for parole for three years. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

In 1972, petitioner was convicted of first-degree murder and sentenced to seven-years-to-life in state prison under California's Indeterminate Sentencing Law (ISL). In 1977, California repealed ISL and enacted the current Determinate Sentencing Law (DSL). DSL adopted a two-stage approach to parole decisions. A prisoner first must be found suitable for parole under DSL guidelines. If this occurs, a date is set for his release.

Petitioner has been considered for parole under DSL's guidelines on various occasions, but each time he has been found unsuitable for parole. In the instant petition, petitioner challenges BPH's latest decision finding him unsuitable for parole for three years on the ground that by considering him for parole under DSL guidelines, rather than ISL guidelines, BPH violated the prohibition against ex post facto laws. Petitioner specially claims that pursuant to a 1975 state-court settlement agreement BPH was required to "fix petitioner's maximum term for 8-13 years" and "release him once he completed the fixed term" even if BPH "did not believe he was suitable for parole." ECF No. 1 (Pet.) at 5-6, 8. The state's superior, appellate and supreme courts all

denied petitioner's challenge to BPH's September 16, 2020 decision finding him unsuitable for parole for three years.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.  Claims & Analysis

Petitioner raised similar claims to the claim raised herein in his prior petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the BPH's prior decision of January 30, 2019 finding him unsuitable for parole. The court dismissed the petition on the grounds that petitioner's claims "are foreclosed by the law of the circuit." McCright v. Broomfield, No. 19-cv-07507-CRB (PR), slip op. at 2 (N.D. Cal. Mar. 3, 2020) (order dismissing petition). The court explained:

> In Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992), the Ninth Circuit found that "the DSL guidelines require consideration of the same criteria as did the ISL." 981 F.2d at 1033-34 (citations and footnote omitted). Both DSL and ISL require BPH to consider a variety of factors in deciding whether to release a prisoner on parole, including the prisoner's "offense, age, habits, mental state, character, amenability to reform, and potential for recidivism," and "rehabilitative efforts while in prison." Id. at 1034 n.1 (citations omitted). The Ninth Circuit consequently held that because the application of DSL parole-suitability guidelines to prisoners sentenced under ISL "does not disadvantage them," it violates neither the "federal constitutional prohibition against ex post facto laws" nor the prisoners' federal constitutional rights to "equal protection" and "due process." Id. at 1034-35 (citations omitted). Petitioner is not entitled to federal habeas relief on his federal ex post facto, due process or equal protection claims.
>
> Nor is petitioner entitled to federal habeas relief on his suggestion that BPH also misapplied California law. It is well established that federal

2

> habeas relief is not available for an alleged error or misapplication of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process).

McCright v. Broomfield, No. 19-cv-07507-CRB (PR), slip op. at 2.

Petitioner argues that Connor v. Estelle should not foreclose his new ex post facto claim because the Connor court was not properly apprised of the 1975 state-court settlement agreement requiring BPH to "fix a maximum primary term release date for all indeterminately sentenced prisoners in state prison in 1975" (which for himself petitioner claims would be a "maximum term for 8-13 years") and "release [the prisoner] once he completed the fixed term" even if BPH "did not believe he was suitable for parole." ECF No. 1 at 5-6, 8. But petitioner provides no proof of the purported 1975 state-court settlement agreement or much less show that it would compel the Ninth Circuit to alter its conclusion in Connor. In rejecting petitioner's claim, the state superior court noted that petitioner provides no "documentary evidence" in support of his claim and that he "misstate[s]" state law because "even under the administrative guidelines at the time of Petitioner's sentencing, an inmate is not entitled to have a fixed prison term until a determination of parole suitability is made." In re McCright, No. 7537, slip op. at 3 (Cal. Super. Ct. Mar. 11, 2021) (order denying petition) (ECF No. 1 at 19, 21). The state superior court's interpretation of state law is binding on this court, see Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds federal court sitting in habeas corpus), and makes clear that the rationale of Connor v. Estelle forecloses petitioner's ex post facto claim. Put simply, petitioner is not disadvantaged by the application of DSL guidelines because under either DSL or ISL guidelines, he is not entitled to a fixed prison term before he is found suitable for parole. Accord Conner, 981 F.2d at 1033-35.

Petitioner is not entitled to federal habeas relief on his ex post facto challenge to BPH's September 16, 2020 decision finding him unsuitable for parole for three years because the state courts' rejection of the claim cannot be said to be contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

But based solely on petitioner's affidavit of poverty, his motion for leave to proceed IFP (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: January 27, 2022

_____
CHARLES R. BREYER
United States District Judge